NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MICHAEL DARREN DARBY, | : | **Hon. Peter G. Sheridan** |
| | : | |
| Petitioner, | : | Civil Action No. 11-4182 (PGS) |
| | : | |
| v. | : | |
| | : | |
| GREG BARTKOWSKI, et al., | : | **O P I N I O N** |
| | : | |
| Respondents. | : | |
| _____ | : | |

**APPEARANCES:**

> MICHAEL DARREN DARBY, #537015B
> New Jersey State Prison
> P.O. Box 861
> Trenton, New Jersey  08625
> Petitioner Pro Se

**SHERIDAN, District Judge**

Michael Darren Darby, a prisoner incarcerated at New Jersey State Prison, filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254(a), in the United States District Court for the District of Maryland, challenging a judgment of conviction entered in the Superior Court of New Jersey, Cumberland County, on December 9, 1991.  By Order entered July 21, 2011, Judge Benson Everett Legg transferred the matter to the District of New Jersey because the proper venue for a § 2254 petition challenging a New Jersey conviction is the District of New Jersey.  Having thoroughly reviewed Petitioner's submissions and this Court's docket, see Darby v. Ricci, Civil No. 08-4929 (NLH)) slip op. (D.N.J. May 20, 2009), and, for the following reasons, this Court will dismiss the Petition for lack of jurisdiction as a successive petition, and deny a certificate of appealability.

# I.  BACKGROUND

The Petition challenges a judgment of conviction entered in the Superior Court of New Jersey, Law Division, Cumberland County, on December 9, 1991, based on Petitioner's plea of guilty to murder and four armed robberies.  The Law Division denied Petitioner's motion to withdraw the plea and imposed a life sentence, with a 30-year period of parole ineligibility for murder, and a consecutive 15-year term, with five years of parole ineligibility, for the armed robberies.  See State v. Darby, 2008 WL 2121748 at *1 (N.J. Super., App. Div., May 20, 2008). Although Petitioner asked counsel to appeal, no direct appeal was taken.  See Darby at *1.

Petitioner filed a state petition for post-conviction relief on in October 2005, and the Law Division denied relief on February 14, 2007.  Petitioner appealed.  See Darby at *1.  The Appellate Division affirmed the order denying post-conviction relief in an opinion filed May 20, 2008.  Id. at *2-*3.  On September 9, 2008, the New Jersey Supreme Court denied certification. See State v. Darby, 196 N.J. 464 (2008) (table); (Pet. ¶ 11(b)(8).)

Petitioner filed his first § 2254 Petition in this Court on October 3, 2008.  By Order and accompanying Opinion entered April 28, 2009, Judge Hillman dismissed the Petition as untimely, pursuant to Habeas Rule 4, see 28 U.S.C. § 2254 Rule 4, and denied a certificate of appealability.[1]  Judge Hillman reasoned that, although Petitioner's conviction became final in

_____

[1] The Petition itself raised four grounds:

> Ground One: a/DENIAL OF EFFECTIVE ASSISTANCE OF COUNSEL; b/COUNSEL INEFFECTIVENESS BY DENIAL OF RIGHT OF APPEAL; C/INEFFECTIVENESS OF POST PROCEEDING COUNSEL; d/INEFFECTIVENESS OF PCR-APPELLATE COUNSEL.

(continued...)

1992, the one-year statute of limitations under 28 U.S.C. § 2244(d)(1)(A), began on April 24,

1996, and expired 365 days later on April 23, 1997.  Judge Hillman found that statutory tolling

was unavailable because Petitioner did not file his state petition for post-conviction relief until

October 2005, after the limitations period expired, and that equitable tolling was not warranted

because Petitioner was not prevented from asserting his claims by extraordinary circumstances,

and he did not exercise reasonable diligence.  However, Judge Hillman permitted Petitioner to

submit a statement arguing that the Petition is not time barred, and to account for the period from

April 23, 1997 (when the statute of limitations expired) and October 2005 (when he filed his

state petition for post-conviction relief), as well as the period from September 9, 2008 (when the

--------------------------

[1](...continued)
        Ground Two: PETITION FOR POST CONVICTION RELIEF
        COURT FAILED IN ITS SPECIFIC PURPOSE TO NOTICE, OR
        REMEDY OBVIOUS; a/LACK OF JURISDICTION BY
        SENTENCING COURT; b/SUBSTANTIAL DEPRIVATION OF
        DEFENDANT'S FEDERAL CONSTITUTIONAL RIGHTS;
        c/IMPOSITION OF ILLEGAL SENTENCE OR THAT NOT
        AUTHORIZED BY LAW.

        Ground Three: a/DEFENDANT WAS FACED WITH
        CHALLENGES HE SHOULD NOT HAVE BEEN EXPOSED
        TO; b/DENIED FAIRNESS AND ACCESS TO THE COURT.

        Ground Four: a/THE PETITION FOR POST CONVICTION
        RELIEF IN THIS MATTER HAS BEEN WRONGFULLY
        DENIED; b/CONVICTION WAS OBTAINED BY USE OF
        COERCED CONFESSION VIOLATING FEDERAL
        CONSTITUTIONAL PRIVILEGE AGAINST SELF
        INCRIMINATION; c/CONVICTION AND DENIAL OF RELIEF
        ON POST PROCEEDING WERE OBTAINED BY
        CONSTITUTIONAL FAILURE OF PROSECUTION TO
        DISCLOSE TO DEFENDANT EVIDENCE FAVORABLE TO
        THE DEFENDANT.

(Pet. ¶ 12, Grounds One-Four.)

New Jersey Supreme Court denied post conviction relief) and October 3, 2008 (when he filed this Petition).  On May 12, 2009, Darby submitted a motion to reopen Civil No. 08-4929 (NLH), together with a 24-page statement, and an appendix.  Petitioner argued:  (1) the interests of justice would be better served by addressing the merits of his claims, since the Superior Court of New Jersey lacked jurisdiction to accept his guilty plea to murder without an indictment, contrary to the Indictment Clause of Fifth Amendment of the United States Constitution and New Jersey Court Rules 3:4-2(b)(7) and 3:7-2; (2) there is no statute of limitations applicable to his challenge to his guilty plea; and (3) the petition should be considered properly filed as he sought to correct an illegal sentence.   On May 20, 2009, Judge Hillman considered Darby's arguments that the Petition should not be dismissed as time barred, dismissed the Petition with prejudice as untimely, and denied a certificate of appealability.  Darby then filed a "Motion for Stay and Abeyance on Mixed Petition Pending Exhaustion on Rule 60(b) Motion Made in the Court Wherein Plea Was Entered," which Judge Hillman denied on December 13, 2010.  On May 16, 2011, the Third Circuit denied Darby's request for a certificate of appealability.

Darby filed the § 2254 presently before this Court in the District of Maryland on July 13, 2011.  Petitioner challenges the judgment of conviction filed on December 9, 1991, in the Superior Court of New Jersey, Cumberland County, after he pled guilty to murder and four counts of armed robbery.  (Dkt. 1 at 4.)  The Petition raises two grounds:

> Ground One:  PETITIONER RECEIVED UNEQUAL
> TREATMENT IN HIS ARREST AND SUBSEQUENT
> IMPRISONMENT IN VIOLATION OF BOTH THE UNITED
> STATES CONSTITUTION AND CONSTITUTION OF THE
> STATE WHICH HE IS HELD UPON BEING UNLAWFULLY
> HANDED OVER BY BALTIMORE OFFICIALS TO BE
> TRANSPORTED AND HALED INTO A NEW JERSEY COURT

4

IN A LEGAL CHARADE IMPERMISSIBLY, FOR
UNAUTHORIZED AND INVALID SO-CALLED LEGAL
PROCEEDING RENDERING ILLEGAL SENTENCE
QUESTIONS OF LAW AND FACT CHALLENGEABLE
HEREIN.

Ground Two:  THAT PETITIONER HAS SUFFERED A
CHARADEOUS [sic] PROSECUTION VIOLATING DUE
PROCESS SEPARATION OF POWERS AS ASSISTANT
COUNTY PROSECUTOR WAS NOT AUTHORIZED TO ACT
ALONE IN THIS CASE VIOLATES PROTECTIONS AND
REQUIREMENTS SET FORTH UNDER THE NEW JERSEY
STATE AND THE UNITED STATES CONSTITUTION
INVALIDATING THE PLEA AND CONVICTION RENDERING
THE IMPOSED SENTENCE ILLEGAL IS ALSO A DIRECT
CONSEQUENCE OF HAVING BEEN UNLAWFULLY
HANDED OVER BY BALTIMORE POLICE TO NEW JERSEY
DETECTIVES.

(Dkt. 1 at 7, 18.)

## II.  DISCUSSION

A.  Jurisdiction

On April 24, 1996, Congress enacted the AEDPA, which governs a district court's

adjudication of a second or successive § 2254 petition.[2]  Specifically, § 2244(b)(3)(A) provides:

"Before a second or successive application permitted by this section is filed in the district court,

the applicant shall move in the appropriate court of appeals for an order authorizing the district

_____

[2] Section 2254 of Title 28 of the United States Code confers jurisdiction on district courts
to issue "a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a
State court . . . on the ground that he is in custody in violation of the Constitution or laws or
treaties of the United States."  28 U.S.C. § 2254(a).  Although sections 2254 and 2244(b) "refer[]
to a habeas 'application,' we use the word 'petition' interchangeably with the word
'application.'"  Magwood v. Patterson, 130 S. Ct. 2788, 2791 n.1 (2010).

5

court to consider the application." 28 U.S.C. § 2244(b)(3)(A).[3] Rule 9 of the Rules Governing

Section 2254 Proceedings, entitled "Second or Successive Petitions," similarly provides:

"Before presenting a second or successive petition, the petitioner must obtain an order from the

appropriate court of appeals authorizing the district court to consider the petition as required by

28 U.S.C. § 2244(b)(3) and (4)."  28 U.S.C. § 2254 Rule 9.

   Thus, § 2244(b)(3)(A) establishes that a District Court lacks jurisdiction over an second

or successive § 2254 petition, absent authorization from the Court of Appeals.  See Burton v.

Stewart, 549 U.S. 147, 152 (2007) ("[B]ecause the 2002 petition is a 'second or successive'

---

  [3] Once a petitioner moves for authorization to file a second or successive § 2254
application, a three-judge panel of the Court of Appeals must decide within 30 days whether
there is a prima facie showing that the application satisfies the substantive requirements of §
2244(b)(2).  See 28 U.S.C. § 2244(b)(3)(D).  See Magwood v. Patterson, 130 S. Ct. 2788, 2796
(2010) ("If an application is 'second or successive,' the petitioner must obtain leave from the
Court of Appeals before filing it with the district court").  Section 2244(b)(2) provides:

   A claim presented in a second or successive habeas corpus application under
   section 2254 that was not presented in a prior application shall be dismissed
   unless:

     (A) the applicant shows that the claim relies on a new rule of
     constitutional law, made retroactive to cases on collateral review
     by the Supreme Court, that was previously unavailable; or

     (B)(i) the factual predicate for the claim could not have been
     discovered previously through the exercise of due diligence; and

     (ii) the facts underlying the claim, if proven and viewed in light of
     the evidence as a whole, would be sufficient to establish by clear
     and convincing evidence that, but for constitutional error, no
     reasonable factfinder would have found the applicant guilty of the
     underlying offense.

28 U.S.C. § 2244(b)(2).

petition that Burton did not seek or obtain authorization to file in the District Court, the District Court never had jurisdiction to consider it in the first place").

The Petition presently before this Court is a "second or successive" habeas application for which Petitioner has not sought or obtained authorization from the Court of Appeals to file in this Court.[4]  Petitioner's first § 2254 petition was denied with prejudice.[5]  Petitioner has "twice brought claims contesting the same custody imposed by the same judgment of a state court.  As a result, under AEDPA, he was required to receive authorization from the Court of Appeals before filing his second challenge.  Because he did not do so, [this] Court [is] without jurisdiction to entertain it."  Burton, 549 U.S. at 153.

B.  Dismissal or Transfer

"When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631."  Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002).  The Petition before this Court does not argue that Petitioner satisfies the gatekeeping requirements of 28 U.S.C. § 2244(b)(2), nor does it mention these requirements or make a prima facie showing.  This Court accordingly declines to transfer the Petition to the Third Circuit as an application for authorization to file a second or successive petition, and will dismiss the Petition for lack of jurisdiction.  Cf. Hatches v. Schultz, 381 Fed.

---

[4] The Petition does not assert that the Court of Appeals has granted authorization pursuant to 28 U.S.C. § 2244(b).  This Court has been unable to locate any request for authorization filed by Petitioner in the Third Circuit Court of Appeals on PACER.

[5] A habeas petition is adjudicated on the merits when "a determination [was made] that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. § 2254(a) and (d)."  Gonzalez v. Crosby, 545 U.S. 524, 532 n.4 (2005).

App'x 134, 137 (3d Cir. 2010 ("In deciding that it would not be in the interest of justice to transfer the petition to the Fourth Circuit, the District Court properly considered whether Hatches had alleged facts sufficient to bring his petition within the gatekeeping requirement of § 2255 permitting 'second or successive' petitions based upon newly discovered evidence or a new rule of constitutional law").

C.  Certificate of Appealability

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the Petition for lack of jurisdiction is correct.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

### III.  CONCLUSION

Based on the foregoing, the Court dismisses the Petition for a Writ of Habeas Corpus for lack of jurisdiction and denies a certificate of appealability.

_____

**PETER G. SHERIDAN**
United States District Judge

DATED: _____, 2011

8